IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2001 JAN 23  P 12: 57

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| KENNEY A. STURGIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-206 |
| | ) | |
| RICHMOND COUNTY SHERIFF'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.

### I.  BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants the Richmond County Sheriff's Office; Investigators Matt Phares,

Wade Smith, and Alonzo Bell; Deputy Donald McVein; the Honorable Michael N. Annis, Superior Court Judge; the Honorable William D. Jennings, III, Magistrate Court Judge; the Honorable Carl C. Brown, Jr., Superior Court Judge; attorney Hugh Hadden; and the District Attorney's Office.   In his complaint, Plaintiff argues that Defendants violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Doc. no. 1).  Specifically, he alleges that in May 2006, he was charged with trafficking in cocaine under Georgia state law.  (Doc. no. 1, "The Petition," p. 2).  These charges stemmed from an investigation by Defendant Smith into information he received from an anonymous tip about drug activity at 1118 Tenth Avenue.[1] (hereinafter, "the residence").  (Id.).

Plaintiff states that at some unknown time after receiving this tip, Defendants Smith and Phares arrived at the residence, where they observed Plaintiff and another individual standing against the east side of the residence, and a third individual sitting on the front porch.  (Id.).  Defendants Smith and Phares then approached the three individuals to speak with them.  (Id.).  During the conversation, Defendant McVein and his K-9 partner, T-Rex, are alleged to have conducted an "air search" around the residence,[2] when T-Rex alerted to Defendant McVein that drugs were located somewhere around where Plaintiff was standing.  (Id. at 3).   Plaintiff states that the officers located the drugs, placed him under arrest, and informed him of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  (Id.).  Plaintiff

---

[1] Plaintiff does not indicate in which city this address is located.

[2] Plaintiff does not state whether Defendant McVein arrived with Defendants Smith or Phares, or whether he arrived at a later time.

2

states that he subsequently signed a Waiver of Counsel form and "wrote a statement claiming ownership of the drugs." (Id.).

Plaintiff claims that (1) the officers approached him without a warrant, (2) he was sitting on the front porch of the residence, "not on the side," (3) no drugs were found on his person, but instead were found on the ground, and (4) he wrote his statement under duress, as the officers had threatened him and his family with physical violence. (Id. at 3-4). He further states that the charge against him was "dropped from trafficking to possession with intent,"[3] but that the District Attorney later went to the Grand Jury and had him re-indicted for trafficking. (Id. at 4). Plaintiff states that his "public defender lawyer" did not address any of these issues in a pre-trial motion to suppress evidence or a motion challenging the Grand Jury indictment. (Id. at 5). According to Plaintiff, his attorney told him to plead guilty to a crime Plaintiff did not commit because there was no chance of winning a jury trial, and had Plaintiff's attorney not told him this, Plaintiff would not have pled guilty to the trafficking charge. (Id.). He further states that "the Judge" did "not follow[] the format," and should have protected his rights. (Id. at 5-6). As relief, Plaintiff wants the Court to "investigate[] the Petitioner's case." (Doc. no. 1, p. 6).

## II.   DISCUSSION

### A.   Relief Sought Is Not Properly Brought In § 1983 Action

Although it is unclear to the Court exactly what Plaintiff seeks as relief in this case, it appears that Plaintiff is seeking a venue in which to argue motions that should have been

---

[3] Plaintiff does not state whether the charge against him was reduced as a result of the judge's ruling in a preliminary hearing or a decision by the Grand Jury.

brought in his criminal case, namely that the evidence in his criminal case and his confession should have been suppressed, that he did not knowingly, intelligently, and voluntarily enter his guilty plea, and that his indictment was defective.  As such, Plaintiff appears to be challenging the legality of his criminal conviction in an action brought pursuant to § 1983, which is improper, and is apparently seeking relief that can only be obtained in a habeas corpus action.  A writ of habeas corpus is the only remedy available for state prisoners attacking the validity of their conviction or the length of their confinement.  Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983).

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)).  Thus, even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, Plaintiff has not alleged exhaustion of state court remedies, and his petition would be subject to dismissal.

Even if Plaintiff is not seeking relief that can only be obtained in a habeas corpus action, Plaintiff has not stated a proper claim for relief.  In his Statement of Relief, Plaintiff stated that he wants the Court to "investigate[] the Petitioner's case."  (Doc. no. 1, p. 6). However, the Court's function in a § 1983 action is to rule on whether the named Defendants

4

violated Plaintiff's statutory and constitutional rights, not to investigate Plaintiff's criminal

or civil case. As a result, Plaintiff seeks relief in this case that the Court is not able to grant.

Accordingly, Plaintiff's complaint should be dismissed.

**B.      The Richmond County Sheriff's Office and the District Attorney's Office**

Further, in the caption of his complaint, Plaintiff improperly lists the Richmond

County Sheriff's Office and the District Attorney's Office as Defendants. However, Plaintiff

must sue the individuals personally involved in the wrongs he alleges, or set forth facts

which demonstrate that the execution of the municipality's policy or custom inflicted the

injury complained of. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001).

Plaintiff has improperly named the entire Richmond County Sheriff's Office and the entire

District Attorney's Office, rather than specific individuals, as being responsible for allegedly

violating Plaintiff's constitutional rights. Further, Plaintiff has not identified any county

policy or custom which led to a violation of Plaintiff's constitutional rights. Even so, as

explained above, Plaintiff seeks relief that can only be obtained through a habeas corpus

action and is not properly sought in a § 1983 action. As such, to order Plaintiff to amend his

complaint to correct this deficiency would be futile. See Hall v. United Ins. Co. of Am., 367

F.3d 1255, 1262-63 (11th Cir. 2004) (explaining that leave to amend should be freely given,

but is properly denied when any amendment would be futile).

**C.      Judges and Defense Attorney**

Further, even if the Court were to consider the merits of Plaintiff's claims, Judges

Annis, Jennings, and Brown would be entitled to absolute immunity. It is well-settled that

judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judges Annis, Jennings, and Brown were dealing with Plaintiff in a judicial capacity and whether the judges' conduct clearly fell outside their subject matter jurisdiction. See id. at 359-64. Here, Plaintiff has not specifically stated how Judges Annis, Jennings, and Brown violated his constitutional rights;[4] thus, the Court presumes that Plaintiff's complaints against these judges generally relate to their judicial authority.  As such, Judges Annis, Jennings, and Brown would be entitled to absolute immunity.

Additionally, the complaint likewise fails to state a claim against Defendant Hadden. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added).   Public defenders who have been appointed to represent criminal defendants do not act "under color of state law" when performing their duties. See Polk County, 454 U.S. 312, 317 n.4 (1981)

---

[4] Plaintiff refers to "the Judge" in his statement of claim, but does not indicate whether "the Judge" was Judge Annis, Jennings, or Brown.  Regardless, "the Judge's" actions in ruling in Plaintiff's criminal case were within "the Judge's" judicial authority.

6

(holding that public defenders do not act under color of state law "when performing the traditional functions of counsel to a criminal defendant"); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per curiam*).  The allegations against Defendant Hadden, Plaintiff's court-appointed counsel, only pertain to his traditional duties as counsel in Plaintiff's criminal case, and therefore, he was not acting under color of state law.  Accordingly, Defendant Hadden would be subject to dismissal.

**D.    Appointment of Counsel**

Plaintiff also requests that counsel be appointed on his behalf.  As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983.  <u>Dean v. Barber</u>, 951 F.2d 1210, 1216 (11th Cir. 1992); <u>Hardwick v. Ault</u>, 517 F.2d 295, 298 (5th Cir. 1975).  Rather, the appointment of counsel is a privilege justified only by exceptional circumstances.  <u>Dean</u>, 951 F.2d at 1216.  Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel.  <u>See</u> <u>Steele v. Shah</u>, 87 F.3d 1266, 1271 (11th Cir. 1996).

This is ostensibly a § 1983 action in which Plaintiff has requested relief that can either be obtained only in a habeas corpus proceeding, or cannot otherwise be granted; thus, Plaintiff is not entitled to relief in this case.  Further, based on Plaintiff's filings with the Court to date, it is evident that he is able to clearly and succinctly communicate with the Court.  Accordingly, Plaintiff's motion for the appointment of counsel should be denied.  Should it become apparent later in the proceedings that counsel should be appointed, after

due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.[5]

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for the appointment of counsel be **DENIED,** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23d day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] Likewise, Plaintiff would also not be entitled to the appointment of counsel in a habeas corpus action. Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (noting that it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." (citations omitted)).